IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-MJ-1363

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ROGER J. PAIGE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a detective with the Fayetteville Police Department assigned to a Federal Bureau of Alcohol, Tobacco, Firearms and Explosives Task Force. Defendant presented the testimony of the proposed third-party custodian, his sister, and submitted a letter from the provider currently providing defendant drug treatment. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a criminal complaint on 2 May 2012 with possession of a firearm by a felon on 7 September 2011, in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

presented at the hearing showed that the charges arise from defendant's shooting at his girlfriend in their residence on the alleged offense date. According to the girlfriend, the two had had an argument the night before and, by shooting at her, defendant wanted to impress upon her that he was now serious. He held her against her will in the residence until she convinced him to let her go to the school bus stop where her child was to be dropped off. When the bus arrived, the driver took her to a safer location and she called police. When officers arrived at the residence, they saw defendant in the doorway, but he fled out the back. They found a Colt .38 pistol on a couch in the residence containing one spent round and five live rounds. The girlfriend told police that defendant had brought the .38 with him when he moved into the residence with her. Prior to the shooting, defendant had been convicted of multiple felonies.

Defendant was arrested on state charges on 30 September 2011 and was at that time served with an ex parte order to avoid contact with the girlfriend, who had moved to a safe house for victims of domestic abuse. Nevertheless, he attempted to call her 200 times over the subsequent 7 days during which he was incarcerated.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offenses charged, including defendant's discharge of the pistol toward his girlfriend, his holding her hostage through use of the pistol, and his flight from investigating police officers; defendant's criminal record, including 9 felony and 16 misdemeanor convictions (many for violent offenses) and the commission of multiple offense while on pretrial release or probation; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger

2

presented by defendant, and the proposed custodian's regular absence from the proposed custodial home for full-time work and seemingly lighthearted demeanor at times while testifying; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, defendant reported that he did not violate his pretrial release on the corresponding state charges (which were eventually dismissed), has been a full-time student in recent months, is attending drug treatment, and has essentially turned his life around. While these developments are certainly laudable, they are insufficient in duration and other respects to materially offset the substantial contrary evidence showing that there are no conditions that would reasonably assure defendant's appearance and the safety of any other person—particularly his former girlfriend—and the community if he were released.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 8th day of May 2012.

James E. Gates
United States Magistrate Judge